IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOTT ANKERSON and
BRITTNEY ANKERSON                                           PLAINTIFFS

v.                                            CAUSE NO. 1:15cv108-LG-RHW

AMERICAN ZURICH
INSURANCE COMPANY                                            DEFENDANT

## ORDER OVERRULING OBJECTION TO BILL OF COSTS

BEFORE THE COURT is the [21] Objection to Bill of Costs filed by Plaintiffs Scott Ankerson and Brittney Ankerson.  The Ankersons filed this action seeking insurance coverage for tools stolen from the site where they were building a home.  Defendant American Zurich Insurance Company filed a Motion for Summary Judgment, which the Court granted on the basis that the tools did not constitute covered property under the Zurich policy.  The Court thereafter entered its [19] Final Judgment in favor of Zurich, including awarding costs in Zurich's favor in accordance with Federal Rule of Civil Procedure 54(d).

Zurich filed its Bill of Costs in the amount of $897.06 on February 29, 2016.  Zurich requests as costs the amounts associated with its removal of this action, which it removed twice.  Plaintiffs have filed an Objection to the Bill of Costs, arguing (1) "that no Affidavit was attached to Defendant's Bill of Costs as required by" 28 U.S.C. § 1924; and (2) "that equity and good conscience would dictate it would be wholly inequitable to require the Plaintiffs to pay the costs for the filing of

two (2) notices of removal that were pursued by Defendants [*sic*], particularly when the first was remanded." (*See* Pls.' Obj. 2, ECF No. 21). Zurich has filed a Response to the Objection. Having considered the submissions of the parties, the Court is of the opinion that the Objection should be overruled.

## THE LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "costs – other than attorney's fees – should be allowed to the prevailing party" in an action. There is a "strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). The Fifth Circuit "has held that the prevailing party is prima facie entitled to costs . . . ." *Id.* at 793-94 (citation and quotation marks omitted). The losing party shoulders the burden to overcome the presumption in favor of costs. *See Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977).

Federal law provides that the Clerk may tax as costs, *inter alia*, "[f]ees of the clerk and marshal; [f]ees for exemplification and the costs of making copies and any materials where the copies are necessarily obtained for use in the case; [and d]ocket fees . . . ." 28 U.S.C. § 1920. Fees associated with removal are taxable as costs under § 1920. *See, e.g.*, *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989); *Barker v. Washington Nat'l Ins. Co.*, No. 9:12-cv-1901-PMD, 2013 WL 2297058, at *2 (D.S.C. May 24, 2013).

Finally, under 28 U.S.C. § 1924,

> [b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney . . . , that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

DISCUSSION

The Court finds that the Declaration submitted by Zurich's attorney as part of the Bill of Costs satisfies § 1924.  *See* 28 U.S.C. § 1746; *Green v. Logan's Roadhouse, Inc.*, No. 2:13-cv-238-KS-MTP, 2015 WL 2137323, at *1 (S.D. Miss. May 7, 2015).  Furthermore, the Court rejects Plaintiffs' arguments that it should not have to pay the costs associated with removal.  Plaintiffs do not contest or otherwise offer any contrary authority that the fees requested are taxable as costs under § 1920.  Moreover, this action was remanded for the first time because, although there was no dispute that the parties were citizens of different states, Plaintiffs did not specify an amount of damages in their Complaint.  Accordingly, the Court could not determine that the amount in controversy requirement for diversity jurisdiction was met.  However, during discovery, Plaintiffs admitted under oath that they were seeking more than $75,000.00 in damages, after which Zurich removed the action for a second time.  Under these circumstances, the Court finds that Plaintiffs have failed to overcome the presumption in favor of costs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [21] Objection to Bill of Costs filed by Plaintiffs Scott Ankerson and Brittney Ankerson is **OVERRULED**.  The Clerk shall tax costs in favor of Zurich in the amount requested.

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2016.

                                                       s/ *Louis Guirola, Jr.*
                                                       LOUIS GUIROLA, JR.
                                                      CHIEF U.S. DISTRICT JUDGE